Spear, J.
The defendants, Michael Kearns, George Wis-singer, and Samuel Scott, seek to justify the holding of seats as councilmen from the fourth, seventh and eighth wards of the city of Springfield, by virtue of .a special election which occurred July 9, 1890, called by proclamation of the mayor, under the authority of an ordinance passed by the council May 27, 1890, redistricting the city into wards, of which the said fourth, seventh and eighth were portions.
In the case of The State ex rel. v. O’Brien et al., decided by this court June 27,1890, (24 Law Bulletin, 233,) O’Brien and his five co-defendants were ousted from seats in that body, on the ground that the wards from which they claimed to have been elected had no legal existence. These persons held seats in the council at the time of the passage of the ordinance above referred .to, «and voted for it, and the validity of the ordinance rests upon their votes in its favor. The judgment of ouster was assumed by the mayor to create vacancies in the council, and he assumed, farther, that he might call a special election under the ordinance of May 27, to fill them. Both assumptions were unwarranted. There being no such wards to be represented, there could be no member from such wards, and it is not possible for a vacancy to occur in the incumbency of an office which itself had no existence. It is not necessary to a decision of the present ease to pass upon the validity of the ordinance, and we do not decide that question. But, whatever view is taken of that, no such special election was authorized by law. The proclamation had no force, and the attempted election, at least so far as conferring title is concerned, was a nullity. Section 1632, Revised Statutes, specifically, in direct terms, forbade it. The defendants have no title, and judgment of ouster will be entered against them.
*568 The relator seeks to have inducted as members of council of the city of Springfield, Erasmus T. Thomas, Lifford H. Purcell, Thomas J. Thomas, Albert Tuttle, Ephraim N. Tibbetts and Joseph D. Little, as members from the second, third, fourth, sixth, seventh and eighth wards. These gentlemen were elected at the April election, 1888, for two years, from these wards respectively, as the’same were constituted at that time. No successors from these wards have been elected, nor has any election been held for that purpose. Section 1673, Revised Statutes, provides that “ Members of the council in office shall, unless a vacancy sooner occurs, serve until the expiration of their respective terms; at each annual municipal election, one member of the council shall be elected in each ward to serve for two years,” etc. Section 8 provides that “ Any person holding an office or public trust shall continue therein until his successor is elected or appointed and qualified, unless it is otherwise provided in the constitution or laws.” Membership in a municipal council is an office. It is not “ otherwise provided in the constitution or laws.” No successor having been elected, these gentlemen continued to be members of the council of Springfield.
It is alleged in the answer that these persons have wholly abandoned their seats as councilmen. This allegation does not state an issuable fact, and is bad on demurrer. It is further alleged that on the 22d day of July, 1890, Ephraim N. Tibbetts was elected by the council a member of the decennial board of equalization for the city, and accepted the office and took the oath. Also, that on the first day of June, 1890, E. T. Thomas was appointed by the mayor, and confirmed by the council, as one of the trustees of The Mitchell-Thomas Hospital, a public institution of the city, which office he accepted, and has acted. It is admitted in an agreed statement that Tibbetts took the oath before a notary sent to his house for the purpose; that he never otherwise qualified or assumed to act as such member, and that, on the first of July, he sent a written resignation to the council which was duly read. On several occasions between the organization of the council in April, and the filing *569 of the petition herein, July 28, these six persons were present at meetings of the council and undertook to participate in the proceedings, but were not recognized by the presiding officer, or their names called by the clerk.
By section 1717, Revised Statutes, neither Tibbetts or Thomas, while a member of council, was eligible to the office to which he had been thus appointed. Not being eligible, he could not become such officer, and his attempted appointment was a nullity. It could not, therefore, in law have any effect whatever upon the office which he did hold. The acceptance and entering upon the duties of a member of the decennial board, by Tibbitts, might be evidence tending to show intent to abandon the office of councilman, but standing alone does not establish it. There was no abandonment on the part of either of these men. Vogel v. The State, 107 Ind. 374; Crawford v. Dunbar, 52 Cal. 36; In Re Corlis, 11 R. I. 638.
Acting on a like wrong assumption as to the existence of vacancies in the second, third and sixth wards, the mayor called an election in those wards for July 21, and on that day George Phelps, J. C. Holloway, and Jonathan Kitchen were chosen. These men took their seats on the 29th of July, the day after the petition was filed in this case.
An order of induction will be allowed in favor of Thomas J. Thomas, as member from the fourth ward, of Ephraim N. Tibbitts, as member from, the seventh ward, and of Joseph D. Little, as member from the eighth ward, as those wards were defined at the time of their election. Erasmus T. Thomas is entitled to his’ seat as member from the second ward, Lifford H. Purcell from the third ward, and Albert Tuttle from the sixth ward, but, inasmuch as the present occupants, who took seats in the council after the commencement of this action, are not parties, no order will be made as to them.

Judgment accordingly.